**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

January 8, 2013

LETTER TO COUNSEL

      RE:    *Bonita Williams v. Michael J. Astrue, Commissioner of Social Security*;
              Civil No. SAG-12-0136

Dear Counsel:

      On January 12, 2012, claimant Bonita Williams petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 20). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Williams filed her claim for benefits on June 19, 2008, alleging disability beginning on May 24, 2008. (Tr. 107-20). Her claim was denied initially on August 20, 2008, and on reconsideration on October 10, 2008. (Tr. 57-60, 64-65). After a hearing, (Tr. 37-50), Administrative Law Judge Raymond M. Faby ("the ALJ") issued an opinion granting benefits as of March 25, 2010, but denying benefits prior to that date because he determined that Ms. Williams had not been disabled. (Tr. 17-36). The Appeals Council denied Ms. Williams's request for review, (Tr. 1-3), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that, prior to March 25, 2010, Ms. Williams suffered from the severe impairments of hypertension and diabetes with resulting retinopathy and neuropathy. (Tr. 25). Despite these impairments, the ALJ found that, prior to March 25, 2010, Ms. Williams had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she may only occasionally climb or balance; and, she is visually limited in far acuity and depth perception.

(Tr. 25). Without hearing testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Williams could perform her past relevant work as a daycare aide, and therefore was not disabled. (Tr. 30).

*Bonita Williams v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-12-0136
January 8, 2013
Page 2

Ms. Williams makes several arguments in support of her appeal.  I concur with her contention that the ALJ failed to make sufficient findings on the specific demands of her past relevant work as a daycare aide.  Pl. Mot. 8-10.  SSR 82-62 provides that "past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work."  In this case, the ALJ's RFC included limitations relating to far acuity and depth perception. (Tr. 25). The parties agree that, under the Dictionary of Occupational Titles, the position of Nursery School Attendant (or daycare aide) requires use of far acuity and depth perception up to 1/3 of the time. Pl. Mot. 10, Def. Mot. 17.  In his analysis, the ALJ simply stated:

> The Dictionary of Occupational Titles classifies a Nursery School Attendant (DOT # 359.677-018) as light in exertion and semi-skilled (SVP 4).  The claimant's residual functional capacity is compatible with this type of work and the claimant was actually performing this type of work after her onset of disability.

(Tr. 30).  That analysis did not address the potential discrepancy between the visual demands of the job and Ms. Williams's RFC.  The hearing transcript reveals that Ms. Williams was not questioned about the visual demands of her job as a daycare aide. (Tr. 37-50).  In addition, the ALJ did not avail himself of a VE to testify regarding whether Ms. Williams's visual limitations would impact her ability to perform her past relevant work.  *Id.*

The Commissioner contends that a daycare aide "requires limited visual acuity," and that Ms. Williams, according to the RFC, retains limited visual acuity.  Def. Mot. 17.  The Commissioner's premise is faulty.  A daycare aide is required to exercise visual acuity during a limited period of time (only up to 1/3 of the time).  However, there is no evidence to suggest that, during those limited times when a daycare aide is required to exercise visual acuity, limited visual acuity will suffice.  Absent testimony from a vocational examiner to establish that a person with limited visual acuity could perform the essential job duties of a daycare aide, or specific testimony from Ms. Williams about the visual requirements of her past relevant work, I cannot find substantial evidence to support the ALJ's determination.

I need not address the remaining issues Ms. Williams has raised on appeal, because the case will be remanded for further proceedings.  In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Williams was ineligible for benefits prior to March 25, 2010 was correct or incorrect.

For the reasons set forth herein, Ms. Williams's motion for summary judgment (ECF No. 17) and Defendant's motion for summary judgment (ECF No. 20) will be DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

*Bonita Williams v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-12-0136
January 8, 2013
Page 3

     Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                        Sincerely yours,

                            /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge